THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDERICK WAGNER, Appellant.

CRIMES — ARSON — SUFFICIENCY OF EVIDENCE. The evidence, upon the trial of an indictment for arson in the first degree, examined and held sufficient to warrant a verdict convicting the defendant of that crime, and in the absence of any error of law, the judgment entered thereon must be affirmed.

*People* v. *Wagner*, 84 App. Div. 637, affirmed.

(Argued November 29, 1904; decided December 13, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 19, 1903, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of arson in the first degree.

The facts, so far as material, are stated in the opinion.

*Lewis Stuyvesant Chanler* for appellant. The misconduct of the district attorney in persisting in offering evidence of other fires constitutes reversible error. (*People* v. *Smith*, 162 N. Y. 520; *People* v. *Sharp*, 107 N. Y. 427; *Barton* v. *Bruely*, 96 N. W. Rep. 85; *Fossdahl* v. *State*, 89 Wis. 482;

*Paulson* v. *State*, 94 N. W. Rep. 771 ; *Buel* v. *State*, 104 Wis. 132; *McNamara* v. *McNamara*, 108 Wis. 613; *Goodwin* v. *State*, 114 Wis. 318 ; *People* v. *Milks*, 55 App. Div. 372.)

*William Travers Jerome, District Attorney* (*Robert C. Taylor* of counsel), for respondent. No reversible error is shown. (*People* v. *Dewey*, 128 N. Y. 606 ; *Vose* v. *Cockcroft*, 44 N. Y. 415 ; *Brady* v. *Nally*, 151 N. Y. 258 ; *Dodge* v. *Cornelius*, 168 N. Y. 242 ; *Matter of Anderson*, 178 N. Y. 416 ; *Dimon* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 356 ; *Clark* v. *B. H. R. R. Co.*, 177 N. Y. 359 ; *People* v. *Doody*, 172 N. Y. 165 ; *People* v. *Conklin*, 175 N. Y. 333.) There was no misconduct on the part of the district attorney. (*People* v. *Gaimari*, 176 N. Y. 184 ; *People* v. *Jones*, 99 N. Y. 667 ; *People* v. *Taylor*, 177 N. Y. 237 ; *People* v. *O'Sullivan*, 104 N. Y. 481 ; *People* v. *Smith*, 162 N. Y. 520 ; *People* v. *Milks*, 55 App. Div. 372 ; *People* v. *Murphy*, 135. N. Y. 450 ; *Hope* v. *People*, 83 N. Y. 427 ; *People* v. *Sutherland*, 154 N. Y. 345.)

O'BRIEN, J. The defendant was convicted in the Court of General Sessions in New York of the crime of arson in the first degree. The record before us is of the second trial of the case. On the first trial the defendant was convicted and sentenced to the state prison for twenty-five years. The second verdict of conviction resulted in a sentence to the state prison for nineteen years. The conviction on the first trial was reversed by the Appellate Division, but it has unanimously affirmed the second conviction.

The crime of which the defendant has been convicted was formerly a capital offense, and is still one of the most atrocious crimes known to the law. The indictment charged him with setting fire in the night time to a tenement house in the city of New York in which twenty-four families lived, and at the time there were many human beings in the building. The evidence upon which the conviction was had was largely

circumstantial, but we think was sufficient to warrant the jury in rendering a verdict of guilty against the defendant. The fire occurred on the 30th of January, 1901, under such circumstances as to render it quite improbable that it was the result of an accident. The proof tended to show that it was an incendiary fire. It appears that some months prior to the fire the defendant and his family resided in this building as tenants, but for some reason he was dispossessed and removed from the premises by legal process. At the time of his removal he threatened, as the witnesses testified, to get even with the landlord by burning the building. This is substantially the threat which the defendant is said to have made in the presence and hearing of the witnesses who testified to it. The fire originated in the cellar of the building, the door to which was not fastened, or at least access to that part of the house was possible, if not quite convenient. It was shown that the defendant was in the vicinity of the building on the night of the fire, and while in a saloon shortly before took a bottle from his pocket, saying to the bartender, "I am going to fix somebody to-night." The defendant, after the fire occurred, admitted in substance that he had seen it and stated some other things which, although standing alone, would be of very little consequence, yet taken in connection with the previous threat and his presence in the vicinity of the building on the night of the fire would indicate a consciousness of guilt on his part. It was shown that about two weeks before the fire in question an unsuccessful attempt had been made to burn the building. That fire occurred in the afternoon. The street door was then open leading from the stoop into the vestibule, and the fire was started in the dumb waiter. It was a slight fire, nothing having been burned except the wood work around the bottom of the dumb-waiter shaft.

We think that the evidence on the part of the People tended to prove that the defendant was the author of the fire. At all events, the evidence was of such a character as to present a fair question of fact for the jury, and, therefore, this court has no power to interfere with the verdict.

The learned counsel for the defendant does not attack the verdict on the ground that the evidence was insufficient to warrant it. He contends that the judgment should be reversed on the ground that the district attorney was permitted to offer evidence which he thinks is incompetent. It is difficult to find any proper objection or exception in the record to raise the questions which are discussed upon his brief, but they relate principally to some proof that was given of the unsuccessful attempt to burn the building two weeks before the fire in question. It is not very clear that whatever proof was given of the fire that was kindled two weeks before the fire in question was incompetent. After the threat to burn the building any evidence tending to prove even an unsuccessful attempt to carry out the threat by the defendant was, I think, competent. (*People* v. *O'Sullivan*, 104 N. Y. 481.) But it is not necessary to justify the conduct of the district attorney in attempting to prove the prior fire, since the trial court struck out from the record all of the evidence in regard to that fire, and expressly directed the jury, in the clearest terms, to disregard it, having announced to the prosecuting officer that inasmuch as he had failed to connect the two fires with each other the evidence in regard to the first fire should be excluded. This ruling, we think, was most favorable to the defendant, and cured any possible error that might have been committed on the part of the district attorney in referring to the first fire and on the part of the court in receiving evidence in regard to it.

The learned counsel for the defendant complains of various remarks made by the district attorney in the course of the trial and in presenting the case to the jury. The record does not present any exception with reference to such question, and, upon an examination of the proceedings at the trial, there does not seem to be any just ground for complaint in that regard. The prosecuting officer in a criminal case must be permitted to conduct the trial without unreasonable restrictions upon the right to state the case to the jury, to offer such evidence as he deems pertinent to the issue and take the ruling

of the court thereon; and in summing up the evidence the same right of advocacy and the same freedom of speech must be conceded to him as is conceded to respectable counsel upon trials in civil cases. This, of course, does not permit the prosecuting officer to refer to facts that are foreign to the issue, or to offer evidence which he knows to be incompetent, or to base arguments to the jury upon facts or circumstances outside of the record. We do not think that any rule of propriety was violated by the prosecuting officer in this case, and as we think that the evidence was sufficient to warrant the verdict and that no error of law is presented by the record, the judgment of conviction must be affirmed.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, JJ. (and VANN, J., in result), concur; WERNER, J., absent.

Judgment of conviction affirmed.